## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50086
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALBERTO LUIS TORRES-GONZALEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:15-CR-457-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alberto Luis Torres-Gonzalez pleaded guilty to aiding and abetting possession, with intent to distribute, marijuana, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(B). He was sentenced, *inter alia*, to 60 months' imprisonment. He contends: his appeal waiver does not bar an appeal of his sentence; and the district court clearly erred in denying him a reduction under

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-50086

the safety-valve provision.  Assuming, *arguendo*, Torres' appeal waiver is not a bar, his substantive challenge to his sentence is nonetheless unavailing.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Therefore, for this claimed procedural error, which is assumed to have been preserved in district court, a district court's factual finding that a defendant is ineligible for a safety-value reduction because he did not fully and truthfully debrief is reviewed for clear error.  *E.g.*, *United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011).  Along that line, a "factual finding is not clearly erroneous if it is plausible, considering the record as a whole".  *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014) (internal quotation marks and citation omitted).

Because Torres failed to provide the Government with all information and evidence he had concerning a series of related burglaries, the court did not clearly err in denying a safety-valve reduction.  *See* U.S.S.G. §§ 2D1.1(b)(17), 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5); *McElwee*, 646 F.3d at 345.  Contrary to his assertions, the burglaries, committed in an effort to steal food and supplies for Torres and his co-defendants, were relevant conduct as to him because they

No. 16-50086

occurred within the scope of his agreement to carry marijuana into the United States and were reasonably foreseeable. *See* U.S.S.G. § 1B1.3(a)(1)(B).

AFFIRMED.